**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KENNETH KARL WILLIAMS, # 234758,**

        **Petitioner,**

v.                                        **Case No. 4:06-CV-10787
Honorable Paul V. Gadola
Magistrate Judge R. Steven Whalen**

**RAYMOND D. BOOKER,**

        **Respondent**.

___

**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

    Petitioner, Kenneth Karl Williams, a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1993 state convictions for two counts of first degree (felony) murder, one count of assault with intent to rob while armed, and one count of felony firearm. Petitioner attacked the same convictions in a habeas petition filed on September 8, 2000. Petitioner claimed that federal circumstances existed which required federal court intervention and that his due process rights were violated. United States District Judge Marianne O. Battani dismissed that petition for failure to comply with the statute of limitations. *See Williams v. Smith,* No. 00-CV-60335-AA (E.D. Mich. May 22, 2001).

    Petitioner did not appeal Judge Battani's decision, but in February of 2004, he moved for an order authorizing him to file a second or successive habeas corpus petition. On October 12, 2004, the United States Court of Appeals for the Sixth Circuit denied Petitioner's request. *See In re Kenneth Karl Williams,* No. 04-1170 (6th Cir. Oct. 12, 2004).

    Petitioner then filed a habeas petition on July 15, 2005 claiming that the trial court did not

have jurisdiction to enter a judgment and further lacked authority to sentence Petitioner. This matter was before United States District Judge Gerald E. Rosen, who dismissed Petitioner's second habeas petition without prejudice since Petitioner previously sought permission from the Sixth Circuit to file a second habeas petition and was denied. *See Williams v. Booker,* No. 05-CV-72794-DT (E.D. Mich. August 11, 2005).

Petitioner filed the pending habeas petition habeas corpus petition on February 22, 2006 claiming that his Sixth Amendment right to a speedy trial was violated. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Although, Petitioner sought permission to file a second habeas petition and was denied in 2004, the issues he was challenging at that time are completely unrelated to the habeas claim and supporting documentation presently before the Court. During the court of appeals' screening process, the exercise specifically involves a review of the petitioner's *claim*, rules of law in support of the *claim* and facts substantiating the *claim*. 28 U.S.C. § 2241(b)(2). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition relative to the *claim* before the

Court as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court transfer the Petition for Writ of Habeas Corpus Ad Subjiciendum with Certiorari **[Doc. #1-1, filed February 22, 2006]** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Dated:   March 7, 2006                    s/Paul V. Gadola
                                          HONORABLE PAUL V. GADOLA
                                          UNITED STATES DISTRICT COURT

---

Certificate of Service

I hereby certify that on   March 7, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____, and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Kenneth Karl Williams                          .

                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.